contract price of $75; on cross-examination by the court, however, this witness said: ''The wholesale value of the property at the time of conversion was $65''; and it is evident that the court meant to instruct the jury that the market value of the property must be taken, as a matter of law, to be its wholesale value and not its retail value. Evidence as to the wholesale price was incompetent; the proper inquiry should be as to the fair market value at the time of the conversion. The court erred in its instruction to the jury that it was required to accept as the test of market value the wholesale price and to allow credits for payments made.

The judgment of the Municipal Court is reversed and the cause remanded.

*Reversed and remanded.*

---

## University Club of Chicago, Appellant, v. Earl H. Deakin, Appellee.

### Gen. No. 21,815.   (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. RUFUS F. ROBINSON, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed March 12, 1917.

### Statement of the Case.

Action by the University Club of Chicago, a corporation, plaintiff, against Earl H. Deakin, defendant, for rent under a written lease. From a judgment for defendant, plaintiff appeals.

This case was before the Appellate Court, 182 Ill. App. 484, and also before the Supreme Court, 265 Ill.

University Club of Chicago v. Deakin, 204 Ill. App. 334.

257, the opinion in which is controlling on the questions of law involved.

MATZ, FISHER & BOYDEN, for appellant.

ROBERT F. PETTIBONE and JOHN S. GOODWIN, for appellee.

MR. JUSTICE HOLDOM delivered the opinion of the court.

### Abstract of the Decision.

LANDLORD AND TENANT, § 325*—*when evidence sufficient to show violation of terms of lease.* The evidence *held* sufficient to show that a certain tenant of a building in the conduct of his general jewelry business made a specialty of the sale of pearls, in an action for rent against another tenant under a lease containing a covenant on the part of the lessor not to rent any other store in the building to a tenant making a specialty of the sale of pearls, where it appeared that plaintiff had rented another store in the building to such tenant, and that such tenant, among several evidences of the fact that he made a specialty of selling pearls, advertised with a cut of a pearl necklace "a pearl necklace with no duplicate in existence" and "pearl necklaces, $400 to $7,000," and certain other articles of jewelry valued at $5 to $400.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.